IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| **VANCE JOSEPH WALDON**, | : | |
| Plaintiff, | : | **1:08-CV-131 (WLS)** |
| v. | : | |
| **GEORGE LASTER**, *et al.*, | : | |
| Defendants. | : | |

## ORDER

Before the Court is a Recommendation from United States Magistrate Judge Claude W. Hicks, Jr. (Doc. #38), filed February 2, 2010.  It is recommended that Defendants' motion for summary judgment (Doc. #27) be granted.  Plaintiff's claim is that Defendants were deliberately indifferent to his serious medical need.  Judge Hicks, upon consideration of Defendants' motion, also found that Plaintiff failed to fully exhaust the grievance process with respect to Plaintiff's claim that he was required to walk the long route to the institutional food hall.  Based on the Record and Defendants' submissions in support of their motion for summary judgment, Judge Hicks found that no material issue of fact remains that Defendants were not deliberately indifferent to Plaintiff's serious medical need and that the facts do not support a claim for cruel and unusual punishment to the extent Plaintiff asserts that claim.  Essentially, the magistrate judge found that Plaintiff failed to rebut the Defendants' evidence that Plaintiff was provided timely medical response and treatment.

Plaintiff has filed written objections. (Doc. #39).  Plaintiff asserts that he . . . "did not understand the differences between submitting material facts and submitting discovery . . .[D]id not know that he was suppose (sic) to be specific as to where meteriat (sic) evidence was located and how it applied to his case.  The <u>Plaintiff would like to at this time present his meterial (sic) evidence</u>, . . ." (Plaintiff's Objection, p. 1 (Doc. #39)

(Emphasis added). Plaintiff attached for the first time several documents to his objection for the Court's consideration. The Court for the following reasons finds Plaintiff's belated attempt to present "evidence" to the Court to be totally without merit and self-serving. Defendants filed their motion on April 1, 2009. (Doc. #27). On April 2, 2009, the assigned magistrate judge issued an order advising Plaintiff of Defendants' motion, his right to respond, the nature of a proper response and the possible consequences of a failure to adequately respond. (Doc. #28).

The Notice included a verbatim recital of Rule 56(c) of the Federal Rules of Civil Procedure. Plaintiff was also informed that the Court's usual procedures and policies result in the motion being decided on briefs and that "[t]he court considers the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits submitted by the parties, in deciding whether summary judgment is appropriate under Rule 56. . . .In addition, the party upon whom a motion for summary judgment has been filed has the right to file affidavits or other material in opposition to a summary judgment motion. If he fails and refuses to file any affidavits or other materials in opposition to the motion for summary judgment, a FINAL judgment may be rendered against him if otherwise appropriate under the law. . . .While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot simply rely on the pleadings. Rather, in order to establish that a genuine issue of material fact exists, <u>he must respond by filing affidavits, depositions, or other materials to persuade the court that the case must be presented to a jury for resolution</u>. . ." ORDER (Notice), PP. 1-2, (Doc. #28) (Emphasis added). Thus, in view of this clear and detailed notice, Plaintiff's claim of ignorance is incredulous.

Plaintiff was timely and adequately informed of his right to respond, how to respond and the possible consequences of his failure to do so. Clearly, Plaintiff could have fully responded if he had so desired. Therefore, his belated attempt to file a response at this late stage is rejected and denied. To permit otherwise would be

unjustified and unduly prejudicial to Defendants.

In his objection, Plaintiff essentially argues that his injury and medical needs were serious, requiring a timely medical response and medical attention and treatment. However, the ultimate issue is whether a material issue of fact remains as to whether Defendants were deliberately indifferent to Plaintiff's medical needs even assuming they were serious. The Court agrees with Judge Hicks in that Plaintiff has simply failed to rebut Defendants' evidence that Defendants were not deliberately indifferent. The record shows extensive medical care for Plaintiff's injury. Plaintiff has failed entirely to show by medical evidence any detriment resulting from any alleged delay in medical treatment.[1] As found by the magistrate judge, Plaintiff's disagreement with the course of treatment alone (or its timing) does not establish deliberate indifference. Plaintiff must show, with medical evidence, some resulting detriment from any alleged delay in treatment. *Hill v. DeKalb RYDC*, 40 F.3d. 1176, 1188 (11th Cir. 1994), *overruled in part on other grounds, Hope v. Peltzer*, 536 U.S. 730, 739 (202). He has failed to do so. Therefore, Plaintiff's objections are OVERRULED.

Upon full review upon the record, the Court finds that said Recommendation should be, and hereby is, ACCEPTED, ADOPTED and made the order of this Court for reasons of the findings made and reasons stated therein together with the findings made, reasons stated and conclusions reached herein. Accordingly, Defendants' motion for summary judgment is GRANTED and Plaintiff's claim that he was required to walk the long route to the food hall is DISMISSED for failure to fully exhaust his administrative remedies.

**SO ORDERED**, this __23__$^{rd}$ day of March, 2010.

/s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1]It is interesting to note that Plaintiff's instant submission includes a statement by a fellow inmate witness that while Plaintiff was still on the floor after his fall, ". . .[a] nurse from medical arrived shortly after along with Lt. Wells. . . " (Doc. #39-2, P. 7).